IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KAZEE, INC., | § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 4:18-cv-00053 |
| UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, | § § § § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## PLAINTIFF'S COMPLAINT

Plaintiff KaZee, Inc. files this Complaint against Defendant University of Texas Medical Branch at Galveston ("UTMB") and respectfully states as follows:

### SUMMARY

1.  KaZee is a leading provider of information technology products and services for the healthcare industry, including its PEARL electronic health records software. PEARL is copyrighted software that is used by hundreds of private and government healthcare providers across the country.

2.  In August 1999, UTMB entered into a license agreement to use PEARL at Texas Department of Criminal Justice ("TDCJ") correctional facilities. Despite clear language in the license agreement limiting the scope of the license to defined TDCJ facilities, UTMB expanded its use of PEARL to, at least, a federal prison and several county jails. Upon learning of UTMB's unauthorized use (but still unaware of the scope of that use), KaZee directed UTMB to the permitted use in the license agreement. UTMB

acknowledged both verbally and in writing that its use of PEARL at these facilities exceeded the scope of its license with KaZee:

> From: Saelbach, Jesse R.
> Sent: Tuesday, April 21, 2015 2:36 PM
> To: 'Mickey Bourdeau'
> Subject: RE: UTMB - BCA (KaZee) Original Agreement
>
> Hi Mickey,
>
> ==I spoke with our Legal department and they agree with your assessment below.== If we would like to contract with others (MTC, small county jails, or even something larger) to provide correctional managed care services, and being that they (UTMB CMC providers and staff) would need access to PEARL for this care, what would an accurate budget number or cost model be for the PEARL license cost so I can include that in my estimate?
>
> From: Mickey Bourdeau [mailto:mbourdeau@kazee.us]
> Sent: Tuesday, April 21, 2015 6:37 AM
> To: Saelbach, Jesse R.
> Subject: UTMB - BCA (KaZee) Original Agreement
>
> Jesses,
>
> Attached is original UTMB-BCA agreement which I think you were looking for. I will dig the Parkland Ver agreement out when I get a little more time. The key clause in here is at end of document where it talks about Base Locations as to where the Pearl software can be used. I have snipped it and copied it below. ==Basically, current license can only be used for UTMB/TDCJ/TT project unless there is another agreement in place like the Parkland agreement.==

3. Thereafter, UTMB provided a complete list of the facilities where it had used PEARL without authorization. Applying the license rates from a comparable agreement between KaZee and UTMB, KaZee demonstrated that UTMB's unauthorized use of PEARL deprived KaZee of at least $20 million in licensing fees.

4. After more than two years of discussions and negotiations, however, UTMB has now changed its tune and refuses to acknowledge its legal breach and violations for the unauthorized use of PEARL. KaZee therefore brings this lawsuit for breach of the license agreement and copyright infringement.

## PARTIES

5. Plaintiff KaZee, Inc. is a Tennessee corporation with its principal place of business in Texas. KaZee is authorized to do business as a foreign corporation in the State of Texas.

6. Defendant University of Texas Medical Branch at Galveston is a Texas governmental unit. UTMB can be served with process through its administrative head, David Callender, 301 University Boulevard, Galveston, Texas 77555.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States—specifically, the Copyright Act, 17 U.S.C. § 101, *et seq*.

8. This Court has personal jurisdiction over UTMB because it is a governmental unit in the State of Texas.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) because UTMB "may be found" in this district by virtue of its contacts with the district. Specifically, UTMB has established minimum contacts with this district by using PEARL in a federal prison, in violation of the licensing agreement, in this district.

## FACTUAL BACKGROUND

10. KaZee is a leading provider of information technology products and services for the healthcare industry. KaZee was formerly known as Business Computer Applications Inc. and has provided healthcare IT products since 1977. One of KaZee's primary product offerings is an electronic health records system called PEARL. PEARL is a cutting-edge medical software application designed by a physician to meet the needs of public, private, and correctional healthcare. It is used by hundreds of private and government healthcare providers across the country.

11. PEARL was registered with the United States Copyright Office in 1990 and given copyright registration number TXU568967. KaZee is the owner of the PEARL copyright as a result of an assignment from Business Computer Applications Inc.

12. On August 31, 1999, KaZee's predecessor entered into a Master License with UTMB for the use of PEARL at certain defined facilities. UTMB licensed PEARL specifically for use in the Correctional Managed Health Care Program ("CMHCP"), which is the State of Texas's program for administering healthcare to inmates at state correctional facilities.

13. The Master License granted UTMB a license to use PEARL at specific sites, limited as follows by Exhibit G to the Master License:

> The license is for use by CMHCP in conjunction with the correctional managed health care and other related projects as may arise within the scope of those entities' charter. It is not understood, nor is it the parties' intention, that the license scope include other State of Texas agencies (e.g. Department of Health, Department of Hospitals, other Texas state universities) or other entities within UTMB (e.g. clinics, community health centers, etc.) unrelated to the CMHCP/UTMB/TDJC objectives described within the subject RFP.

14. In short, the Master License permitted UTMB to use PEARL only in connection with the CMHCP. The CMHCP was implemented by the State of Texas in 1993 as a partnership between the TDCJ and UTMB for the purpose of providing healthcare to inmates in state correctional facilities. Thus, the Master License permits UTMB to use PEARL only in connection with this state prison healthcare program.

15. In 2015, KaZee learned that UTMB might be using PEARL beyond the scope of the Master License. KaZee met with UTMB to discuss UTMB's use of PEARL and whether this use was consistent with the Master License. In April 2015, UTMB's

4

Director of Information Services acknowledged to KaZee, in writing, that UTMB's "legal department . . . agree[d] with [KaZee's] assessment" that UTMB was using PEARL beyond the scope of the Master License:

> From: Seelbach, Jesse R.
> Sent: Tuesday, April 21, 2015 2:36 PM
> To: 'Mickey Bourdeau'
> Subject: RE: UTMB - BCA (KaZee) Original Agreement
>
> Hi Mickey,
>
> ==I spoke with our Legal department and they agree with your assessment below.== If we would like to contract with others (MTC, small county jails, or even something larger) to provide correctional managed care services, and being that they (UTMB CMC providers and staff) would need access to PEARL for this care, what would an accurate budget number or cost model be for the PEARL license cost so I can include that in my estimate?
>
> From: Mickey Bourdeau [mailto:mbourdeau@kazee.us]
> Sent: Tuesday, April 21, 2015 6:37 AM
> To: Seelbach, Jesse R.
> Subject: UTMB - BCA (KaZee) Original Agreement
>
> Jesses,
>
> Attached is original UTMB-BCA agreement which I think you were looking for. I will dig the Parkland Var agreement out when I get a little more time. The key clause in here is at end of document where it talks about Base Locations as to where the Pearl software can be used. I have snipped it and copied it below. ==Basically, current license can only be used for UTMB/TDCJ/TT project unless there is another agreement in place like the Parkland agreement.==

16. After further discussions, the Director of Information Services sent KaZee a list of locations at which UTMB had been using PEARL, for years, outside the scope of the Master License:

> From:        Seelbach, Jesse R.
> Sent:        Wednesday, September 30, 2015 5:20 PM CDT
> To:          Mickey Bourdeau
> CC:          Leach, Todd A.; Albert Woodard; John Cook
> Subject:     Past Use of Pearl - Volumes
> Attachments: Previous County Jail Populations.xls
>
> Hi Mickey,
>
> As requested by Albert and John, attached is the document which contains the volumes for the past use of Pearl in FBOP and previous county jails business.
>
> Please let me know if you have any questions.
>
> Thanks, Jesse
>
> ---
>
> **Jesse R. Seelbach, MBA**
> Director, IS CMC Technical Operations
> Information Services
> O 409.266.2314  M 409.761.0315
> F 409.747.2603  E jrseelba@utmb.edu
>
> Visit our blog http://blogs.utmb.edu/watercooler/



Working together to work wonders."

This list—sent in September 2015—was the first time that KaZee's management learned of the scope and breadth of UTMB's use of PEARL outside of the Texas state correctional system. Specifically, UTMB had been using PEARL at a Federal Bureau of Prisons facility in Jefferson County and at county jails in Brazoria County, Galveston County, and Walker County.

17. As UTMB has repeatedly acknowledged, its use of PEARL at a federal prison facility and several county jails violates the terms of the Master License. UTMB's use of PEARL beyond the terms of the Master License also infringes on KaZee's copyright. Nonetheless, UTMB has refused to rectify its violations of the Master License.

## CAUSES OF ACTION

### COUNT I
### BREACH OF MASTER LICENSE

18. KaZee incorporates by reference the preceding paragraphs as if fully set forth herein.

19. UTMB entered into a valid and enforceable Master License with KaZee's predecessor on August 31, 1999. The rights and obligations set forth in the contract have been assigned to KaZee.

20. UTMB breached the Master License by using PEARL beyond the scope of the uses authorized in the Master License. Specifically, UTMB used PEARL at a federal prison and several county jails, while the Master License grants UTMB the right to use PEARL only at Texas state correctional facilities connected to the CMHCP.

21. UTMB's breach of the Master License has caused injury to KaZee by depriving KaZee of the license fees to which it is entitled under the Master License.

Specifically, using the license rates from a comparable agreement between KaZee and UTMB, KaZee calculated that UTMB's unauthorized use of PEARL deprived KaZee of at least $20 million in licensing fees.

## COUNT II
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

22. KaZee incorporates by reference the preceding paragraphs as if fully set forth herein.

23. KaZee is the owner of a registered copyright in the PEARL software.

24. UTMB used PEARL at a federal prison and several county jails without permission, thereby infringing on KaZee's copyright.

25. UTMB's infringement proximately caused damaged to KaZee, including by depriving KaZee of license fees. KaZee seeks damages consisting of a reasonable royalty for UTMB's unlicensed use of PEARL and/or KaZee's lost profits. Pursuant to 17 U.S.C. § 504(b), KaZee also seeks all of UTMB's profits attributable to its unlicensed use of PEARL. At a minimum, KaZee's damages consist of licensing fees exceeding $20 million.

26. Additionally, KaZee is entitled to an award of its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

## CONDITIONS PRECEDENT

27. All conditions precedent to KaZee's recovery of the relief requested herein have been performed, have occurred, or have been waived.

## JURY DEMAND

28. KaZee demands a jury trial on all claims in this Complaint on which a jury trial is available.

## PRAYER

KaZee respectfully requests that this Court award to it:

i. actual damages;

ii. UTMB's profits attributable to its infringement;

iii. pre- and post-judgment interest;

iv. costs and attorneys' fees; and

v. such further relief to which it is entitled.

Respectfully submitted,

By: *s/ Pete Marketos*
  Pete Marketos
   State Bar No. 24013101
   pete.marketos@rm-firm.com
  Tyler J. Bexley
   State Bar No. 24073923
   tyler.bexley@rm-firm.com

**REESE MARKETOS LLP**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201-3202
214.382.9810 telephone
214.501.0731 facsimile

**ATTORNEYS FOR PLAINTIFF**